UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL T.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:21-cv-00639-AR

**OPINION AND ORDER**

**ARMISTEAD, Magistrate Judge**

       In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Michael T. (last name omitted for privacy) alleges that the Administrative Law Judge (ALJ) committed harmful error (1) by failing to provide specific, clear and convincing reasons to discount his subjective symptom testimony; (2) by failing to properly assess the medical opinions; (3) by failing to find that he met or medically equaled Listing 12.04 or 12.15 at step 3; and (4) because of those errors, the residual functional capacity (RFC) fails to include

Page 1 – OPINION AND ORDER

all of his limitations. Because plaintiff submitted new evidence to the Appeals Council that undermines the ALJ's evaluation of plaintiff's mental health impairments and subjective symptom testimony, the court concludes that this matter must be reversed and remanded for further proceedings.[1]

## ALJ'S DECISION

Plaintiff previously applied for disability benefits which resulted in an unfavorable decision on December 6, 2016. (Tr. 33.) On October 25, 2019, plaintiff filed a new application for Title II period of disability and disability insurance benefits. (Tr. 33.) When discussing plaintiff's October 2019 application, the ALJ determined that changed circumstances exist, including the presence of mental health impairments and revised regulations, and that the presumption of continued nondisability under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and AR 97-4(9), 1997 WL 742758 (Dec. 3, 1997), does not apply. (Tr. 34.)

The ALJ then followed the five-step sequential evaluation process.[2] (Tr. 35-44.) At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since October 11, 2018, the amended alleged disability onset date, through his date last insured, December 31, 2019. (Tr. 35.) At step two, the ALJ determined that plaintiff suffered from the following severe impairments: mild lumbar degenerative disc disease with left lower extremity

---

[1]   This court has jurisdiction under 42 U.S.C. §§ 405(g), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]   To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. § 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

sciatica; chronic lumbar strain; chronic kidney disease; obesity; major depressive disorder; and posttraumatic stress disorder (PTSD). (Tr. 36.) At step three, the ALJ concluded that plaintiff did not have an impairment that meets or medically equals a listed impairment, specifically considering Listings 12.04 and 12.15 (the listings for depressive disorders and trauma disorders). (Tr. 36.)

The ALJ concluded that plaintiff had the RFC to perform light work, except that he could frequently climb ramps, stairs, ladders, ropes, and scaffolds and frequently stoop, kneel, crouch, and crawl; he had sufficient concentration, persistence, and pace to complete simple routine tasks for a normal workday and workweek; and he was able to adapt to routine changes in the work setting. (Tr. 38). The ALJ further found that plaintiff could have no interactions with the public, only occasional interactions with coworkers, and could not perform work requiring teamwork. (Tr. 38.)

At step four, the ALJ determined that plaintiff could not perform his past work as a material handler. (Tr. 42.) At step five, the ALJ determined that, given his age, education, work experience, and RFC, plaintiff could perform the representative occupations of routing clerk, merchandise marker, and inspector hand packager. (Tr. 43.) The ALJ therefore concluded that plaintiff was not disabled. (Tr. 44.)

After the hearing, plaintiff submitted additional evidence to the Appeals Council, including an evaluation conducted by Kenneth Guy Paltrow, M.D., Psy., on December 22, 2019, and an evaluation conducted by Victoria L. McDuffee, Ph.D., on October 11, 2018. (Tr. 10-29.)

/ / / / /

/ / / / /

Page  3  – OPINION AND ORDER

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

## DISCUSSION

**A.**   ***Remand to Consider Evidence Submitted to the Appeals Council***

Plaintiff submitted an IU evaluation conducted by Dr. Paltrow on December 22, 2019. (Tr. 10-18.) In that evaluation, Dr. Paltrow opined that plaintiff's PTSD "causes functional impairment" and that plaintiff's "constellation of symptoms and negative behaviors preclude working in any setting" and that plaintiff cannot manage his own financial affairs. (Tr. 18.) Plaintiff submitted a QTC evaluation conducted by Dr. McDuffee on October 11, 2018. (Tr. 22-28.) Dr. McDuffee diagnosed PTSD with secondary depressive disorder, and opined that plaintiff

has "marked limitations" in several areas of functioning, attention and concentration, and reliability and productivity. (Tr. 28.)

That evidence was examined by the Appeals Council, which found that the "evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) The Appeals Council stated that it did not "exhibit" the evidence; nevertheless, Drs. Paltrow's and McDuffee's opinions are included in the administrative record before this court. (Tr. 2-29.)

The Commissioner argues that this court should not consider the evidence because plaintiff's counsel agreed that the record was complete at the hearing, and that she violated the five-day rule set out in 20 C.F.R. § 404.935. Plaintiff's briefing provides no useful argument about how the court should handle the evidence submitted to the Appeals Council.[3]

The court's careful review of the record reveals that plaintiff's counsel notified the ALJ before the hearing by letter dated November 24, 2020, that the Veterans Administration (VA) increased plaintiff's disability rating from 70 to 100 percent in June 2019, and that the increase "was based upon some evidence that I was unable to obtain." (Tr. 295 (Notice of Outstanding Evidence).) Plaintiff's counsel's letter also stated that she was attempting to obtain records from Dr. Paltrow concerning plaintiff's mental health impairments and had been unable to do so. (*Id.*) At the hearing, plaintiff's counsel agreed that the record was complete and believed the record contained sufficient evidence to make a disability determination, despite that records from the VA remained outstanding. (Tr. 70.) Based on counsel's letter and statement at the hearing, the

---

[3] Plaintiff's counsel fails to mention Dr. Paltrow's evaluation and she does not discuss the relevant legal standards for new evidence submitted to the Appeals Council in her briefing.

Page  5  – OPINION AND ORDER

court concludes that it appears counsel diligently sought the evidence from Drs. Paltrow and McDuffee in advance of the hearing.

It is undisputed that the administrative record before this court now includes Dr. Paltrow's and Dr. McDuffee's evaluations. Regulations permit a plaintiff to "submit new and material evidence" to the Appeals Council, so long as it pertains to the period under review. *Brewes,* 682 F.3d at 1162 (citing 20 C.F.R. § 404.970(b)). The Commissioner does not argue that plaintiff failed to show good cause, that the evidence is not material, or that it was not considered by the Appeals Council. *See Garcia v. Saul*, Case No. 18-cv-2541-BAS-AGS, 2020 WL 4882499, at *5 (S.D. Cal. Aug. 20, 2020) (concluding that Appeals Council "considered" the information submitted where that evidence was included in administrative record before the district court). Accordingly, under *Brewes*, the court must review the ALJ's decision for substantial evidence based on the entire administrative record, including the evidence submitted to the Appeals Council. *Brewes*, 682 F.3d at 1164; *see also Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

Having analyzed the evaluations by Drs. Paltrow and McDuffee, the court concludes that their opinions directly undermine the ALJ's evaluation of the medical evidence and plaintiff's subjective symptom testimony about his mental health limitations. Thus, the ALJ's decision is not supported by substantial evidence.

The Commissioner suggests that the court can still affirm the ALJ's decision because the ALJ discussed the QTC evaluation because it was referenced by another physician. Tr. 41. The Commissioner's position is untenable. The ALJ found the QTC evaluation unpersuasive because its author was unknown and it was unsupported by any documentation. Tr. 41. In light of Dr. McDuffee's actual QTC examination and Dr. Paltrow's evaluation echoing those findings, the ALJ's assessment of the medical evidence about plaintiff's mental health limitations is no longer supported by substantial evidence. Additionally, because the ALJ discounted plaintiff's subjective symptom testimony about his mental health limitations partly because it was not supported by objective medical evidence, the court concludes that the ALJ's reasoning is not supported by substantial evidence.[4]

Accordingly, for the reasons stated above, the court finds that the Commissioner's decision is not supported by substantial evidence and the ALJ has erred. Because those errors require remand, the court declines to address plaintiff's remaining arguments.

**B.    *Remedy***

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative

---

[4]    The court has reviewed the ALJ's other rationales (inconsistency with daily activities, record of conservative treatment, and lack of inpatient hospitalizations) for discounting plaintiff's subjective symptom testimony and finds they are not specific, clear or convincing, and likewise are not supported by substantial evidence. *See, e.g.*, *Elijah L. S. v. Comm'r Soc. Sec. Admin.*, Case No. 3:20-cv-01089, 2022 WL 17845933, at *3-4 (D. Or. Dec. 22, 2022).

proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Remanding for further proceedings is the proper course here. The court concludes that the ALJ's evaluation of the medical evidence and of plaintiff's subjective symptom testimony is not supported by substantial evidence, viewing the record as a whole. The court also finds that the record contains conflicts and ambiguities, including that the VA uses a distinct disability rating system and that there is a lack of mental health treatment records. Because Dr. Paltrow's and Dr. McDuffee's opinions were submitted to the Appeals Council, the ALJ has not had an opportunity to consider them. Therefore, remanding for further proceedings would serve a useful purpose. Additionally, the Commissioner must: (1) purchase a consultative psychodiagnostic examination to assess plaintiff's functional limitations arising from his mental health impairments; (2) conduct a *de novo* review of all medical opinion evidence in light of the consultative examiner's opinion, Dr. Paltrow's opinion, Dr. McDuffee's opinion, and any other medical evidence plaintiff may choose to submit in support of his application; (3) reassess plaintiff's subjective symptom testimony *de novo* and accept the limitations described therein or provide specific, clear and convincing reasons for their rejection; and (4) conduct any further necessary proceedings to complete the record, and issue a new decision. *See Burrell*, 775 F.3d at 1141.

## CONCLUSION

For those reasons, the court REVERSES the Commissioner's final decision and REMANDS this case under 42 U.S.C. § 405(g) sentence four for further administrative proceedings described above.

IT IS SO ORDERED.

DATED January 23, 2023.

                                                        JEFFREY ARMISTEAD
                                                    United States Magistrate Judge